FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ OCT 14 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GERDZER EDMEE and ETZER EDMEE,

      Petitioners,

 -against-

COXSACKIE CORRECTIONAL FACILITY,

      Respondent.

------------------------------------------------------------ X

GERDZER EDMEE and ETZER EDMEE

      Petitioners,

 -against-

CLINTON CORRECTIONAL FACILITY,

      Respondent.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

09-Civ-3940 (BMC)

09-Civ-3939 (BMC)

**COGAN**, District Judge.

 This is an unusual pair of habeas corpus petitions in which the Court, pursuant to an Order to Show Cause issued when the cases were filed, suggested to petitioners' counsel that the single claim raised appeared unexhausted, procedurally barred, time-barred, without merit, and that the papers presenting the claim appeared unprofessionally prepared. Petitioners' counsel has responded to the Order to Show Cause (with a document entitled "Order to Show Cause") which apologizes for the unprofessional preparation, repeats the same arguments that he made in support of the petition, and generally ignores the points that the Court raised in its Order to Show Cause. The petitions are therefore dismissed.

Familiarity with the Court's Order to Show Cause is presumed. Dismissal and sanctions are based on the following grounds, each of which was pointed out in the Court's Order to Show Cause:

**1. Time Bar.** Counsel asserts that he filed these petitions one year to the day after the state court denied petitioners' § 440.10 motion. However, even though this Court pointed it out to him in its Order to Show Cause, counsel ignores the fact that at the time he filed his N.Y. C.P.L. § 440.10 motion, petitioners' state court convictions had been final for 311 days. Petitioners' counsel, as he stated in his initial submissions, assumes without offering any reasoning that the one-year time period within which federal habeas corpus relief must be sought begins anew when a § 440.10 motion is denied. That is plainly incorrect. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) ("proper calculation of Section 2244(d)(2)'s tolling provision *excludes* time during which properly filed state relief applications are pending but does not *reset* the date from which the one-year statute of limitations begins to run.") (emphasis added); see also Bethea v. Girdich, 293 F.3d 577 (2d Cir. 2002) ("if the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court…")(quoting Smith, 208 F.3d at 17.) He repeats this belief in his response to this Court's Order to Show Cause, but he never mentions the fundamental point that this Court raised. The claim is therefore time-barred.

**2. Exhaustion.** When a claim sought to be raised in a federal habeas corpus proceeding has been presented in state court through a motion under N.Y. C.P.L. § 440.10, as is the case here, then the failure to appeal the trial court's denial of that motion, as also happened here, leaves the claim unexhausted. See Reyes v. Phillips, No. 02 Civ. 7319, 2005 WL 475544, at *5 (S.D.N.Y. Mar. 1, 2005) ("Failure to seek leave to appeal the denial of a § 440.10 motion to the Appellate

Division constitutes failure to exhaust the claims raised in that motion"). In response to this Court's Order to Show Cause advising counsel of the law on this point, counsel states two points.

First, he repeats that which he asserted in his initial submissions, citing cases mostly from the 1960s and 1970s outside of this Circuit, which he contends hold that the filing of post-conviction proceedings is necessary to satisfy the exhaustion requirement. From these, he reasons that no motion for leave to appeal is necessary, since the only point that these cases discussed was the need for post-conviction proceedings as a general matter. He seems to recognize that these cases neither address nor involve the issue of whether an appeal or attempt to appeal the denial of a post-conviction motion at *nisi prius* is necessary for exhaustion. He ignores the case to which this Court cited him in its Order to Show Cause which held that an appeal is necessary.

Instead, he asserts that a comparison of the inapposite cases he cites with the controlling authority cited in this Court's Order to Show Cause demonstrates a "dispute in the law." This assertion reflects a troubling lack of legal training, integrity, or some combination of these factors, as counsel does not appear to understand or recognize the meaning of controlling authority. A conflict between authorities cannot be asserted by comparing inapposite forty-year old cases from other circuits with current on-point authority under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254, as amended by Pub.L. No. 104-132, § 104, 110 Stat. 1214, 1219 (1996), in this circuit.

Second, counsel asserts that petitioners "lack[ed] the funds to go through the Appellate process" from the denial of their § 440.10 motion, and counsel advises the Court that he is not being paid any more for this habeas corpus proceeding than he was paid for the § 440.10 motion. Putting aside the inadequacy of this assertion as an excuse for failing to exhaust, it is, to say the

3

least, disingenuous. It ignores the fact that *pro se* and *in forma pauperis* status is just as available in state court as it is in this Court. More fundamentally, it seems clear that counsel had a choice – either appeal the denial of the § 440.10 motion, or file the instant proceeding in this court, and he elected the latter course.

Indeed, as the Court noted in its Order to Show Cause, the memorandum of law in support of this petition is not what it purports to be – rather, it was prepared, at least in substantial part, as a brief to the Appellate Division from the denial of the § 440.10 motion. It contained the state court caption rather than this Court's caption, and it asked for a finding that the § 440.10 court had failed to comply with the procedural requirements of the New York State Criminal Procedure Law, citing state court authority. The fact that counsel prepared the brief for one court and filed it in another has nothing to do with petitioners' inability to finance any specific proceeding. The claim is unexhausted.

**3. Procedural Bar.** The failure to timely appeal the denial of petitioner's § 440.10 motion means that the claim is not only unexhausted, but procedurally barred under state law because it is too late to take that appeal and a state court would dismiss it on that ground. See N.Y. CPL § 460.10(4)(a) ("Within thirty days after service upon the defendant of a copy of the order sought to be appealed, the defendant must make application pursuant to section 460.15 for a certificate granting leave to appeal to the intermediate appellate court"); Rodriguez v. Ercole, 08 Civ. 2074, 2008 WL 4701043, at *9 (S.D.N.Y. Oct. 24, 2008) ( "Since petitioner can no longer move for permission to appeal from the denial of his CPL § 440.10 motion...his...claim is procedurally barred."). Counsel makes no meaningful response to this point. He asserts that the Court has "discretion" to disregard regard both failure to exhaust and the procedural bar, but does not set

forth the standard for the exercise of such discretion, and refers to no facts that would justify its exercise. The claim is procedurally barred.

**4. Merits.** In the original papers submitted in this proceeding, counsel referred briefly to constitutional terms that the Court pointed out in its Order to Show Cause had no apparent connection to the facts involved in this proceeding. Counsel has now repeated those same terms with no more reference to the facts. In addition, he now asserts, in response to this Court's Order to Show Cause, that the alleged sentencing disparity which is at the center of his argument violates the Eighth Amendment's prohibition against cruel and unusual punishment, although he admits that he never raised that claim in state court nor in his initial submissions here. For this new claim, he cites to a Seventh Circuit case, Bocian v. Godinez, 101 F.3d 465, 474 (7th Cir. 1996) (although counsel mis-cites it as 101 F.3d 463), which squarely holds that that "state legislatures have great leeway in determining appropriate punishments for specific crimes." The Bocian Court upheld a state court sentence of 55 years for burglary against a 66 year old defendant, specifically rejecting a challenge that the sentence was disproportionate to the crime. This is the opposite of the result that counsel is urging here.

The only substantive claim raised in these petitions is that petitioners' sentences of 15 ½ and 17 ½ years for a brutal rape are disproportionate to the lesser sentences imposed on two other perpetrators. This Court cited counsel to extensive, recent authority in this Circuit holding that such claims do not support habeas corpus relief; counsel has ignored that authority. This Court also pointed out that even from the few exhibits annexed to the petitions, it is clear that petitioners had a more egregious role than the two perpetrators to which counsel refers, and that a third who had a managerial role was sentenced to life. Counsel, in its response to this Court's Order to Show Cause, has ignored that point as well. The claim is entirely frivolous.

**5. Sanctions.** Counsel asserts that "[f]or this work, and these arguments, and even the work on the matter, they are not being charge [sic], but are being helped." This Court cannot find value in anything that counsel has submitted, and to the extent commencement of the proceedings have given petitioners or their families false hope, they have been harmed, not helped. The Court comes away from counsel's submissions with the conviction that counsel does not understand legal analysis or the use of authority, nor the intricacies of federal habeas corpus law, nor the proper means of presenting legal argument.

Under Fed.R.Civ.P. 11(b), an attorney filing papers in a federal court certifies that "the claims ... and other legal contentions" that he makes "are warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law... ." "[T]o constitute a frivolous legal position for purposes of Rule 11 sanction[s], it must be clear ... that there is no chance of success ....". Pierce v. F.R. Tripler & Co., 955 F.2d 820, (2d Cir. 1992); Moreno, 910 F.2d at 1047 (when granting Rule 11 sanctions "it must be clear under existing precedents that there ... [is] no reasonable argument to extend, modify or reserve the law as it stands"). For the reasons set forth above, there is simply no colorable argument offered that could avoid the conclusion that the claims in this proceeding are time-barred, unexhausted, procedurally barred, and without merit. The unprofessional presentation additionally shows that counsel should not have filed these proceedings.

The court has significant discretion in determining what sanctions, if any, should be imposed for a violation..." Rule 11 Advisory Committee Note. The purpose of Rule 11 is to afford a district judge a mechanism "to enforce ethical standards upon attorneys appearing before them, while being careful not to rein in zealous advocacy." Pannonia Farms, Inc. v. USA Cable, 426 F.3d 650, 652 (2d Cir. 2005). Although decision of whether or not to impose sanctions is a

6

matter of discretion, "any such decision [must be] made with restraint ... ." Schlaifer Nance & Co., Inc. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999) (citation omitted). In addition, the Rule grants the Court the authority to impose non-monetary sufficient to deter the misconduct in the future.

In light of the Court's concern that counsel lacks a basic understanding of federal habeas corpus law and the use of authority, the Court will impose a non-monetary sanction of requiring counsel to file, within one year of this Order, two certificates showing that he has completed, subsequent to the date of this Order, (a) a course in federal habeas corpus procedure; and (b) a course in criminal procedure focusing on the constitutional rights of defendants, both of which shall be offered by a recognized bar association or continuing legal education provider. See e.g. U.S. Bank Nat. Ass'n, N.D. v. Sullivan-Moore, 406 F.3d 465 (7th Cir. 2005); Balthazar v. Atlantic City Medical Center, 279 F. Supp.2d 574, aff'd, No. 03-3772, 137 Fed. Appx. 482, 2005 WL 1473901 (3d Cir. 2005). Failure to file such certificates may lead to the imposition of a substantial monetary sanction as the alternative.

For the reasons set forth above, the petitions are dismissed, and sanctions imposed on petitioners' counsel as set forth above.

**SO ORDERED.**

/s/(BMC)
U.S.D.J.

Dated: Brooklyn, New York
      October 13, 2009